IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| GERMAINE GASPARD, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:20-cv-03657-M |
| | § | |
| TEXAS DEPARTMENT OF PUBLIC SAFETY, | § § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is the Motion to Dismiss Plaintiff's First Amended Complaint (ECF No. 26) filed by the Texas Department of Public Safety (the "DPS"). The Motion is **GRANTED IN PART**. The Court dismisses with prejudice any claims by Plaintiff that arise from events prior to March 23, 2018, and for retaliation. The Court **DENIES** the Motion in all other respects.

**I.   Background**

Plaintiff Germaine Gaspard is an employee of DPS. He alleges that throughout his employment, he and other African American employees of DPS were subjected to discriminatory treatment due to their race, that racial epithets were used against them, that they were disciplined more often and more severely than non-African American employees, that they were not promoted because of their race, and that they were retaliated against by their supervisors when they complained about discrimination. Gaspard alleges a *de facto* DPS policy of failing to promote African American employees.

Gaspard filed an EEOC charge of discrimination on January 17, 2019. Resp. (ECF No. 27) at Ex. 1. He received a right to sue letter from the EEOC on September 20, 2020, and filed

his Original Complaint on December 16, 2020. Gaspard's Original Complaint asserted claims under 42 U.S.C. §§ 1981 and 1985, Chapter 21 of the Texas Labor Code, and 42 U.S.C. § 2000e *et seq.* ("Title VII"). Compl. (ECF No. 1) ¶¶24–43. The DPS moved to dismiss Gaspard's Complaint. The Court granted the Motion and dismissed Gaspard's claims under 42 U.S.C. §§ 1981 and 1985, Chapter 21 of the Texas Labor Code, and under Title VII for disparate treatment, retaliation, and hostile working environment, but granted Plaintiff leave to amend his Title VII claims. ECF No. 24.

Gaspard amended, bringing claims under Title VII for disparate treatment, disparate impact, retaliation, and hostile work environment. Am. Compl. (ECF No. 25) ¶¶ 39–89. The Amended Complaint adds allegations regarding Gaspard's own experience with the DPS promotion board and performance review process, and includes anecdotes describing members of the promotion board using racial epithets to refer to African Americans. *Id.* ¶¶ 10–38. DPS now moves to dismiss Gaspard's claims for disparate impact, retaliation, and hostile work environment, as well as Plaintiff's disparate treatment claim for actions that took place before March 23, 2018. ECF No. 26.

    **II.**    **Legal Standard**

DPS incorporates by reference its earlier Partial Motion to Dismiss, seeking to dismiss the Amended Complaint on the same bases, which were Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).

Under Rule 12(b)(1), a party may challenge whether the Court has subject matter jurisdiction. S*ee Moore v. Bryant*, 853 F.3d 245, 248 n.2 (5th Cir. 2017). To survive a motion to dismiss brought under Rule 12(b)(6), a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Howe v. Yellowbook, USA*, 840 F.

2

Supp. 2d 970, 975 (N.D. Tex. 2011) (Lynn, J.) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint must provide "more than an unadorned accusation devoid of factual support," but need not include detailed factual allegations. *Id*. (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Although the Court must presume a plaintiff's factual allegations are true, legal conclusions couched as factual allegations are not given the same deference. *See Twombly*, 550 U.S. at 555.

### III.    Analysis

#### A. *Gaspard may not bring claims based on events prior to March 23, 2018.*

DPS moves to dismiss Gaspard's Title VII disparate treatment claim based on conduct that occurred before March 23, 2018, arguing that Gaspard has not exhausted his administrative remedies on such claims. Mot. at 3. To bring a lawsuit under Title VII, a putative plaintiff must first exhaust their administrative remedies by filing a charge of discrimination with the EEOC within 300 days "after the alleged unlawful employment practice occurred." 42 U.S.C. § 2000e–5(e)(1). The filing of a timely EEOC charge is a mandatory claim-processing rule, which a court must enforce if a party "'properly raise[s]' it." *Fort Bend Cnty., Tex. v. Davis*, 139 S. Ct. 1843, 1849 (2019) (alteration in original) (quoting *Eberhart v. United States*, 546 U.S. 12, 19 (2005) (*per curiam*)). Each discrete discriminatory act incurs its own exhaustion requirement and 300-day deadline to file a charge of discrimination with the EEOC. *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113 (2002).

At the hearing on the Motion to Dismiss the Original Complaint, Gaspard acknowledged that his unsuccessful promotion efforts, which took place prior to March 23, 2018, were time barred, because Gaspard did not file an EEOC charge of discrimination within 300 days of those acts. Therefore, to the extent that he attempts to bring claims with respect to those promotion

attempts, his claims are dismissed. Note, however, that while Gaspard may not assert claims of discrimination based on events taking place before March 23, 2018, he is entitled to reference and describe those events at trial to the extent they provide useful background information and context for his timely claims. *See id.*

### B. *Gaspard did not properly plead retaliation.*

DPS argues that Gaspard failed to plead that he engaged in a protected activity, and a causal link between that protected activity and any alleged retaliatory adverse employment act by DPS. "To state a claim for retaliation, a plaintiff must establish that: (1) he engaged in protected activity, as described in Title VII; (2) he suffered an adverse employment action; and (3) a causal nexus exists between the protected activity and the adverse employment action." *Mota v. Univ. of Tex. Hous. Health Sci. Ctr.*, 261 F.3d 512, 519 (5th Cir. 2001).

Gaspard alleges that he experienced retaliatory acts in 2004 and 2015, both of which occurred more than 300 days before he filed his EEOC charge. Am. Compl. ¶¶ 64–87. Accordingly, Gaspard has not exhausted his remedies for any alleged adverse employment action occurring before 2018. Gaspard is barred from asserting a retaliation claim based on those events, for the same reasons stated above.

Gaspard also alleges retaliation based on a failure to promote him in 2018. However, because the Amended Complaint contains no allegations showing a causal link between the protected behavior and the failure to promote, Gaspard has not plausibly stated a claim for retaliation. *See* Am. Compl. ¶¶ 67, 76–78. Accordingly, to the extent the Amended Complaint describes an adverse employment action for which Gaspard has properly exhausted his administrative remedies, Gaspard has failed to plausibly allege a connection between that action

4

and any alleged protected activity.  Without a pleading of such a causal nexus, Gaspard has not plausibly stated that he is entitled to relief on his retaliation claim.  *See Mota*, 261 F.3d at 519.

### C.  *Gaspard properly states a claim for hostile working environment*

The Court dismissed Gaspard's hostile working environment claim in the Original Complaint because he did not plausibly allege that the complained-of conduct was sufficiently pervasive to qualify as a hostile work environment.  DPS contends that the Amended Complaint likewise fail to state a hostile work environment claim.

To assert a Title VII hostile work environment claim, Gaspard must show that: (1) he is a member of a protected class; (2) he was the victim of uninvited harassment; (3) the harassment was based on race; (4) the harassment affected a "term, condition, or privilege" of his employment; and (5) his employer knew or should have known of the harassment and failed to take prompt remedial action.  *Harvill v. Westward Comm'ns, LLC*, 433 F.3d 428, 434 (5th Cir. 2005).  A plaintiff must also show the workplace is permeated with "discriminatory intimidation, ridicule, and insult . . . that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment."  *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21 (1993) (quoting *Meritor Savings Bank, FSB v. Vinson*, 477 U.S. 57, 67 (1986)).  Courts look to the totality of the circumstances, including the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance.  *Faragher v. City of Boca Raton*, 524 U.S. 775, 787 (1998).  "[T]he work environment must be 'both objectively and subjectively offensive, one that a reasonable person would find hostile or abusive, and one that the victim in fact did perceive to be so.'"  *Id.*  Moreover, "[t]he alleged

5

conduct must be more than rude or offensive comments [or] teasing." *Hockman v. Westward Comm'ns, LLC*, 407 F.3d 317, 326 (5th Cir. 2004).

The Court concludes that the Amended Complaint sufficiently alleges a hostile work environment. Plaintiff's allegations of arbitrary reprimands, racial slurs, false investigations, and resulting failures to promote, all allegedly based on race, plausibly state a claim for hostile working environment. *See Harvill*, 433 F.3d at 434.

### D. Gaspard does not state a disparate impact claim.

For a disparate impact claim to proceed, Plaintiff must show a facially neutral policy that causes a disparate impact. *Pacheco v. Mineta*, 448 F.3d 783, 791 (5th Cir. 2006). He does not, so the claim may not proceed.

## IV. Conclusion

For the reasons discussed above, the Motion is **GRANTED IN PART** and **DENIED IN PART**. The Court dismisses with prejudice all claims that arose prior to March 23, 2018, and Plaintiff's disparate impact claim. Within fourteen days, Plaintiff may amend one more time, only to plead details in support of his retaliation claim, including a causal nexus between the alleged adverse employment action and protected activity.

**SO ORDERED**.

July 22, 2022.

BARBARA M. G. LYNN
CHIEF JUDGE